JOHN-LOUIS H. DELL, ESQ. (SBN 344873)
Email: John@Louisdell.com
LOUIS P. DELL, ESQ. (SBN 164830)
Email: Ldell@Louisdell.com
LAW OFFICE OF LOUIS P. DELL
715 South Victory Blvd.
Burbank, CA 91502
(818)478-2822

Attorney for Plaintiff,
Eliot Stacy

Law Office of Louis P. Dell
Attorney and Counselor at Law

UNITED STATES DISTRICT COURT, CENTRAL DISCTRICT OF CALIFORNIA

| | |
|---|---|
| ELIOT STACY,<br>Plaintiff,<br><br>vs.<br><br>AMERICAN CONTRACTORS INDEMNITY COMPANY, A CALIFORNIA CORPORATION, and DOES 1–10,<br>Defendants. | Case No.:<br><br>[Amount Exceeds $75,000]<br>[Jury Trial Demanded]<br><br>COMPLAINT |

Law Office of Louis P. Dell
Attorney and Counselor at Law

Plaintiff, ELIOT STACY, by his attorney, states as follows:

## INTRODUCTION

This action seeks enforcement of an Arizona motor vehicle dealer license surety bond issued by Defendant American Contractors Indemnity Company ("ACIC") for the protection of consumers injured by dealer misconduct. Plaintiff Eliot Stacy obtained a final federal jury judgment against Whittington Motor Sports, Inc., an Arizona-incorporated motor vehicle dealer, arising from fraud and unlawful conduct in the sale of a vehicle without delivery of marketable title. At all relevant times, Whittington Motor Sports, Inc. was bonded under Arizona Dealer License Bond No. 1000964181 in the penal sum of $100,000, issued by ACIC pursuant to Arizona law. Plaintiff submitted a claim under the bond. ACIC acknowledged the claim but refused to honor it, asserting that the bond does not apply because the underlying judgment arose from violations of California law rather than Arizona statutes. Arizona's dealer-bond statutes protect "any person" injured by a licensed dealer's unlawful acts and do not limit coverage based on geography, residency, or the forum whose law supplied the cause of action. ACIC's refusal is based on a legally erroneous interpretation of Arizona law and frustrates the remedial purpose of the dealer-bond scheme. Plaintiff therefore seeks enforcement of the bond, declaratory relief, and all relief available under law.

## PARTIES

1. Plaintiff Eliot Stacy ("Plaintiff") is an individual residing in the State of Virginia, who obtained a judgment in the amount of $531,807.00 against Whittington Motor Sports, Inc. dba Wires Only, in federal court (Central

Law Office of Louis P. Dell
Attorney and Counselor at Law

District of California, Case No. 2:23-cv-03700 SSC) on August 29, 2024. This judgment covered damages related to fraud and statutory violations.

2. Defendant American Contractors Indemnity Company ("Defendant" or "ACIC") is a California corporation with its principal place of business in California and regularly does business in California and Arizona. ACIC issued Arizona Motor Vehicle Dealer License Bond No. 1000964181 for Whittington Motor Sports, Inc., dba Scottsdale Sports Car Group, to cover statutory claims up to $100,000 as required under Arizona Revised Statutes § 28-4362. This bond's Claim No. AC77520-1 corresponds to Plaintiff's demand for recovery arising from fraud and unlawful conduct committed by the principal, Whittington Motor Sports, Inc., in connection with the sale of a motor vehicle.

**3.** Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1-10, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained.

## FACTUAL ALLEGATIONS

4. Whittington Motor Sports, Inc. is an Arizona corporation engaged in the business of selling motor vehicles, including under the name Scottsdale Sports Car Group.

5. At all relevant times, Whittington Motor Sports, Inc. held an Arizona used motor vehicle dealer license and was required by Arizona law to maintain a dealer license bond.

Law Office of Louis P. Dell
Attorney and Counselor at Law

6. ACIC issued Arizona Dealer License Bond No. 1000964181 naming Whittington Motor Sports, Inc. as principal, in the penal sum of $100,000 (the "Bond").

7. The Bond inures to the benefit of any person who suffers loss by reason of the dealer's unlawful acts committed in the course of licensed dealer activity.

8. The Bond was originally effective June 3, 2013.

9. Although ACIC issued a notice of cancellation in mid-2022, any cancellation was subject to a statutory notice period and did not take immediate effect.

10. ACIC thereafter issued formal reinstatement notices expressly stating that the Bond was in full force and effect with no lapse in coverage, including reinstatements in July 2021 and July 2023.

11. As a result, the Bond was continuously effective during the vehicle sale to Plaintiff in November 2022 and the period in which Plaintiff's losses accrued.

12. ACIC's own documents confirm continuous coverage during the transaction at issue.

13. On or about November 22, 2022, Whittington Motor Sports, Inc. sold Plaintiff a used 2020 Bentley Continental.

14. Whittington represented that it possessed clear title and the ability to lawfully transfer ownership.

15. Those representations were false. Whittington failed to deliver marketable title or complete lawful registration and transfer.

16. In connection with the sale, Whittington issued Arizona Department of Transportation temporary tags, invoking its Arizona dealer privileges and accessing Arizona MVD systems.

Law Office of Louis P. Dell
Attorney and Counselor at Law

17. Whittington's misconduct occurred while acting as a licensed motor vehicle dealer and in the course of activities regulated by Arizona dealer-licensing laws.

18. Plaintiff filed suit in the United States District Court for the Central District of California, Case No. 2:23-cv-03700-SSC.

19. The case proceeded to a jury trial.

20. On August 29, 2024, the Court entered final judgment in favor of Plaintiff and against Whittington Motor Sports, Inc. in the amount of $531,807.00, plus post-judgment interest.

21. The jury found Whittington liable for fraud and unlawful conduct arising from the vehicle sale.

22. The judgment is final, enforceable, and remains unsatisfied.

23. The Court also awarded taxed costs in the amount of $5,845.77 and attorney's fees pursuant to consumer-protection statutes requiring proof of wrongful dealer conduct.

24. These awards independently confirm the seriousness and consumer-directed nature of Whittington's misconduct.

25. ACIC is bound by the verdict of fraud, unlawful conduct, causation, and Plaintiff's loss.

26. Plaintiff submitted a formal claim under the Bond, providing ACIC with notice of loss, documentation of the transaction, proof of continuous bond coverage, and the final federal judgment, costs award, and attorney-fee award.

27. ACIC acknowledged the claim and assigned Claim No. AC77520-1.

28. ACIC refused to honor the claim.

29. CIC's refusal improperly attempts to relitigate dealer misconduct already established by a final judgment.

Law Office of Louis P. Dell
Attorney and Counselor at Law

30. ACIC's conduct defeats the public-protection purpose of Arizona's dealer-bond scheme and has caused Plaintiff continuing harm.

**FIRST CAUSE OF ACTION**

(Enforcement Of Arizona Motor Vehicle Dealer License Bond)

31. Plaintiff incorporates paragraphs 1 through 30.

32. Under A.R.S. § 28-4362, an Arizona motor vehicle dealer bond inures to the benefit of any person injured by the dealer's unlawful acts.

33. Plaintiff is within the class of persons the statute was enacted to protect.

34. The losses established by the federal judgment arose from Whittington's fraud and failure to deliver marketable title, conduct squarely within the risks the Bond covers.

35. ACIC is obligated to pay Plaintiff up to the penal sum of the Bond.

36. ACIC's refusal violates its statutory surety obligations.

**SECOND CAUSE OF ACTION**

(Breach of Statutory Surety Obligations)

46. Plaintiff incorporates paragraphs 1 through 30.

47. ACIC owed statutory duties to receive, evaluate, and pay valid dealer-bond claims in good faith.

48. ACIC breached those duties by refusing to honor Plaintiff's claim based on an incorrect legal standard.

49. Plaintiff has suffered damages as a direct and proximate result.

///

Law Office of Louis P. Dell
Attorney and Counselor at Law

## THIRD CAUSE OF ACTION

(Declaratory Relief)

50. An actual controversy exists regarding ACIC's obligations under the Bond.

51. Plaintiff seeks a declaration that the Bond was in effect during the relevant period, Plaintiff's losses are covered by the Bond, and ACIC must pay the claim up to the bond limit.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Eliot Stacy prays for judgment against Defendant American Contractors Indemnity Company, and for the following relief:

1. For an order enforcing Arizona Motor Vehicle Dealer License Bond No. 1000964181 issued by Defendant on behalf of Whittington Motor Sports, Inc., and compelling payment of Plaintiff's valid bond claim;
2. For a declaration that the bond was in full force and effect during the relevant period, that Plaintiff is a beneficiary of the bond, and that Plaintiff's losses fall within the scope of coverage provided thereunder;
3. For an award of bond proceeds up to the full penal sum of the bond, in the amount of $100,000, or such lesser amount as the Court determines is available under applicable Arizona law;
4. For an award of damages resulting from Defendant's breach of its statutory duties as a surety, including delay damages and consequential losses to the extent permitted by law;
5. For pre-judgment and post-judgment interest on all amounts awarded, at the maximum rate permitted by law;
6. For an award of costs of suit incurred by Plaintiff in enforcing the bond and obtaining declaratory relief; and

7. For such other and further relief as the Court deems just and proper.

Plaintiff Eliot Stacy hereby demands a trial by jury on all claims and issues triable by jury in this action.

Dated: January 22, 2026

Law Office of Louis P. Dell

/s/ John-Louis Dell

Attorney for Plaintiff,
ELIOT STACY

Law Office of Louis P. Dell
Attorney and Counselor at Law